IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES BOYD,                                )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )          Case No.: 3:04 cv 96 GPM
                                           )
CITY OF EAST ST. LOUIS IL,                 )
                                           )
    Defendant.                         )

**ORDER**

This matter is before the Court on the Motion to Strike Answer to Complaint filed by the

plaintiff, James Boyd, on April 8, 2005 (Doc. 41) and the Motion for Extension of Time to

Complete Discovery filed by Body on April 28, 2005 (Doc. 43).  For the reasons set forth below,

the Motion to Strike is **GRANTED IN PART** and the Motion for Extension of Time is

**GRANTED**.

Background

On June 1, 2004, the defendant, the City of East St. Louis, filed an answer to the

complaint in which it raised the following affirmative defenses:

> 1. James Boyd is ineligible to serve as an East St. Louis Police
> Officer as he is not a resident of the City of East St. Louis as
> required by City Ordinance.
>
> 2. James Boyd was terminated legally by the City of East St. Louis
> for reason other than those allegations contained in plaintiff's
> Complaint.
>
> (Answer, Doc. 13)

On August 19, 2004 the defendant filed an amended answer in which it raised the following

affirmative defenses:

1

> 1. James Boyd is ineligible to serve as an East St. Louis Police Officer as he is not a resident of the City of East St. Louis as required by City Ordinance.
>
> 2. James Boyd was terminated legally by the City of East St. Louis for reason other than those allegations contained in plaintiff's Complaint.
>
> 3) Plaintiff failed to mitigate his damages
>
> (Amended Answer, Doc. 18)

On March 3, 2005 the defendant sought leave to again amend its answer to include the following affirmative defenses:

> Defendant now wishes to add two affirmative defenses to its Amended Answer, statute of limitations, and failure to exhaust administrative remedies pursuant to the union contract.
>
> (Motion to Amend, Doc. 32)

On March 31, 2005, after a hearing on the matter, leave was granted to the defendant to amend its answer to include a statute of limitations affirmative defense and the defense that the plaintiff had failed to exhaust his administrative remedies (as provided in a union contract).

The plaintiff now seeks to strike the first and third affirmative defenses in the second amended answer.  This second amended answer includes the following affirmative defenses:

> 1. James Boyd resigned from his position with the City of East St. Louis, and defendant did not engage in any illegal conduct.
>
> 2. Alternatively, James Boyd was terminated legally by the City of East St. Louis for reasons other than those allegations contained in plaintiff's Complaint.
>
> 3. Further answering, Plaintiff has failed to mitigate his damages.
>
> 4. Further answering, plaintiff's claim is barred by the statute of limitations, 29 U.S.C. §2617(c)(1)-(2).

5. Further answering, plaintiff did not meet the City of East St. Louis' residency requirement.

6. Further answering, plaintiff has failed to exhaust the administrative remedies which were available to him pursuant to the Union Contract which was in place at the time of the events set forth in plaintiff's Complaint.

(Second Amended Answer, Doc. 38)

## Discussion

The plaintiff is correct in noting that affirmative defense 1 in the second amended answer was neither previously pled nor has the defendant sought permission to assert this defense. Therefore, it is **STRICKEN** from the second amended answer. Affirmative defense 3, however, was previously pled in the defendant's amended answer and will not be stricken.

The plaintiff also seeks 28 additional days, from April 28, 2005, to conduct additional discovery regarding these affirmative defenses. The plaintiff is **GRANTED** until May 31, 2005 to conduct additional discovery. The parties are reminded, however, that the dispositive motion filing deadline of May 16, 2006, the settlement conference date of August 1, 2005, and the presumptive jury trial month of September 1, 2005 have not been altered.

For the foregoing reasons, the Motion to Strike Answer to Complaint filed by the plaintiff, James Boyd, on April 8, 2005 is **GRANTED IN PART** (Doc. 41), and the Motion for Extension of Time to Complete Discovery filed by Body on April 28, 2005 is **GRANTED**(Doc. 43). Affirmative defense 1 in the seconded amended answer is **STRICKEN** and the discovery deadline is extended to May 31, 2005.

**DATED: May 6, 2005.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
