IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 96 GPM |
| ) | |
| CITY OF EAST ST. LOUIS, IL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Amend filed by the plaintiff, James Boyd, on June 27, 2005 (Doc. 56) and the Amended Motion to Amend the Complaint filed by Boyd on July 12, 2005 (Doc. 67). The first motion to amend (Doc. 56) is **MOOT** and the amended motion to amend (Doc. 67) is **GRANTED**.

Background

James Boyd, the plaintiff, filed a complaint on February 11, 2004 in which he alleged that he took leave pursuant to the Family and Medical Leave Act (FMLA) on January 21, 2001 in order to care for his hospitalized wife. The complaint indicates that the plaintiff had informed his employer, the defendant, City of East St. Louis, IL, and that he was wrongfully terminated on February 13, 2001 after several unsuccessful attempts to return to work. This act, the complaint alleges, was a willful violation of the FMLA.

The plaintiff now seeks to amend his complaint in order to allege, not that he *took* leave on January 21, 2001, but rather that he sought leave and that the defendant "willfully and wrongly interfered, restrained and denied Plaintiff's his [sic] exercise or attempts to exercise his rights pursuant to FMLA." The amended complaint also reflects a change in the reasoning

behind taking leave: his wife's illness and hospitalization.  The difference is that the original complaint alleged that he took leave and was denied return to work and the amended complaint alleges that the defendant interfered with an attempt to take FMLA leave.  Moreover, there also is the difference in the reasoning for taking the leave.  The defendant argues that these differences in wording necessitate additional discovery and the filing of an additional motion for summary judgment.  In addition, the defendant indicates that allowing this amendment will delay this case.  Currently, the discovery deadline and dispositive motion filing deadline have elapsed.  The defendant has filed a motion for summary judgment, which is fully briefed, and this matter is set for trial in September, 2005.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."  <u>Guise v. BWM Mortgage, LLC.,</u> 377 F.3d 795, 801 (7th Cir. 2004).  The granting or denying of a motion to amend is reviewed for an abuse of discretion.  <u>Butts v. Aurora Health Care, Inc.</u>, 387 F.3d 921, 925 (7th Cir. 2004).

First, the plaintiff has failed to comply with Local Rule 15.1 by failing to underline the changes in his proposed amended complaint.  In his motion, the plaintiff states that he is seeking to amend the complaint to include statutory language to clear up any confusion the defendant may have regarding his actual claims.  Federal Rule of Civil Procedure 8(a) only requires notice pleading and the plaintiff need not cite to any statutory language, or indeed any statute, in his complaint.  In addition, this matter is now before the District Court on a fully briefed motion for

summary judgment which contains arguments that go to the complaint and an interpretation of the complaint that the plaintiff advocates in the proposed amended complaint.  This matter also is set for trial within two months.

However, it appears that the plaintiff is seeking to amend in order to conform the complaint to the evidence in this case.  There can be no prejudice to the defendant as the basis of the complaint, the FMLA, has not changed.  While the plaintiff is varying his legal theory, the defendant already has addressed this theory in its motion for summary judgment.  As leave is freely given, leave to amend should be granted.

For the foregoing reasons, the Motion to Amend filed by the plaintiff, James Boyd, on June 27, 2005 is **MOOT** (Doc. 56) and the Amended Motion to Amend the Complaint filed by Boyd on July 12, 2005 is **GRANTED** (Doc. 67).  The plaintiff **SHALL** file his amended complaint by July 20, 2005.

**DATED: July 18, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**