IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-096-GPM |
| | ) |
| CITY OF EAST ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on August 22, 2005, for a hearing on Defendant's motion for summary judgment. For the following reasons, the motion is granted.

Plaintiff, a police officer with the City of East St. Louis at the relevant time, claims that he was denied the opportunity to take leave under the Family Medical Leave Act (FMLA) and was retaliated against when he attempted to do so. Defendant seeks summary judgment on the bases that (1) because Plaintiff's wife was able to work during the time Plaintiff sought leave, she was not "incapacitated" to qualify for leave under the FMLA and, therefore, Plaintiff did not qualify for leave under the FMLA; (2) Plaintiff already was suspended when he sought FMLA leave because he failed to provide a doctor's note after calling in sick on January 16-18, 2001, as demanded by Chief J.W. Cowan; and (3) Plaintiff's action is barred by the applicable two-year statute of limitations because the three-year limitations period for willful conduct is inapplicable.

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

The Court begins with the statute of limitations argument because even assuming *arguendo* that Plaintiff's wife was entitled to FMLA leave and that the behavior of Chief Cowan and his treatment of Plaintiff actually violated the FMLA, the Court still must decide whether such behavior was willful and, therefore, subject to a three-year statute of limitations, *see* 29 U.S.C. § 2617(c)(2), or was not willful and, therefore, covered by a two-year statute of limitations, *see* 29 U.S.C. § 2617(c)(1). It is undisputed that if Chief Cowan's conduct was not willful, this action is time-barred.

The term "willful" is not specifically defined in the FMLA, and it appears that the Seventh Circuit Court of Appeals has not defined it will respect to the FMLA. In *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 133 (1988), the Supreme Court reviewed a claim under the Fair Labor Standards Act (FLSA) and held that an employer acts willfully when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." The Supreme Court further stated that "[i]f an employer acts reasonably in determining its legal obligation, its action

cannot be deemed willful …. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then … it should not … be considered [willful]." *Id*. at 135 n.13. In *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33-34 (1st Cir. 2003), the First Circuit Court of Appeals reasoned that because the FMLA and FLSA use the term "willful" in similar ways and in identical contexts, "[t]here is every reason" to apply the FLSA standard for willfulness set forth in *McLaughlin* to FMLA claims. The Second, Fourth, Fifth, Sixth, Eighth, and Tenth Circuits also apply the *McLaughlin* willfulness standard to FMLA claims. *See Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 531-32 (2d Cir. 2004) (per curiam) (specifically adopting the *Hillstrom* Court's reasoning); *Settle v. S.W. Rodgers Co.*, 182 F.3d 909 (Table), No. 98-2312, 1999 WL 486643, at *3 (4th Cir. 1999) (Unpublished Opinion); *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 392-93 (5th Cir. 2005) (Unpublished Opinion); *Williams v. Schuller Int'l, Inc.*, 29 Fed. Appx. 306, 308 (6th Cir. 2002) (Unpublished Opinion); *Hanger v. Lake County*, 390 F.3d 579, 583-84 (8th Cir. 2004); *Packard v. Continental Airlines, Inc.*, 24 Fed. Appx. 960, 961 (10th Cir. 2001) (Unpublished Opinion).[1] This Court agrees with the analyses of the First and Eighth Circuit Courts of Appeals set forth in *Hillstrom* and *Hanger*, respectively, that the willfulness standard set forth in *McLaughlin* for FLSA claims should likewise be applied to FMLA claims.

The evidence, viewed in the light most favorable to Plaintiff, shows that Plaintiff took sick leave from work on January 16-18, 2001, and was scheduled off work January 19 and 20. When he returned to work on January 21, he was told by his supervisor that pursuant to Chief Cowan's

---

[1] The Court is aware of the lack of precedential value of and the disfavor in citation to unpublished opinions. However, having reviewed all of the relevant rules relating to citation of unpublished opinions in the various Courts, this Court finds it appropriate to merely reference these cases.

instructions, Plaintiff would not be allowed to return to work until he provided a doctor's note for his absences on January 16-18. While Plaintiff complains in his briefing that this requirement violated the collective bargaining agreement, the collective bargaining agreement is not what is at issue in this action - Plaintiff is complaining of his FMLA rights, and as discussed during the August 22 hearing, at this point in the chronology of events, the FMLA was not in issue.[2]

On January 22, 2001, Plaintiff met with Chief Cowan. At that time, he requested FMLA leave due to his wife's illness and gave Chief Cowan a FMLA Certificate for his wife issued by his wife's physician on January 15, 2001. Additionally, at the suggestion of his union representative, he gave Chief Cowan a note from his wife verifying that Plaintiff had been sick January 16-18. During his deposition, Plaintiff described the January 22nd meeting as follows:

> And when I walked in, J.W. Cowan already knew exactly what was -- what I was fixing to say because naturally he just advised me through my supervisor I wasn't allowed back to work. And he said, come in. So I walked in anyway. And I said, Chief Cowan, why have you not allowed me to come back to work? And he said, well, he said, first of all, I want a doctor's statement for those three sick days. And I said okay. I said, I don't have a problem with that, but I said, my contract and the policy and procedure of the police department says I don't have to have a doctor's statement for taking sick days. Now, if I would have taken more than three sick days, then I through the policy and procedure manual would have had to have a doctor's statement. He says, I don't care. I want a doctor's statement. Well, Dennis Butler, my union rep, said, well, Chief, now, you know that that is not correct. And he didn't care. I said okay, I said, I'm going to deal with that through the -- the way I'm going to have to deal with it when I was referring going through the grievance process. I said, now, I said, I want to deal with this issue. I said, you know that my wife's been ill. He didn't say nothing. I said -- and I walked over and I put it right on his desk. I said, Chief, I said, I am requesting time off because of my wife's health problems. I said, this is from her doctor. And he looked at it. He said, you're not getting no FMLA leave. He said, I'm the guy that determines who gets FMLA

---

[2] Nonetheless, Defendant references a police department policy that was in place in 2001 that provides: "An Officer shall submit a doctor's release to his/her supervisor after an absence of more than three (3) days specifically stating the sickness or injury **or** whenever requested to do so by his/her supervisor." (Doc. 52, Ex. 2, ¶ 26 (emphasis added))

>leave around here, and you're not getting it.  I said, well, Chief, that's not correct, I am entitled to FMLA.  He said, no, you're not coming back to work.  You're barred.  And at that time Dennis Butler stopped the conversation because we were getting, you know, we were getting over -- it was turning overheated, so he said, we will deal with this, Chief, on the normal procedure, and we left.  We walked out.

(Doc. 57, Ex. 4, 89:5 through 90:17)

It is clear from Plaintiff's own testimony that Chief Cowan did not act recklessly in determining his legal obligations under the FMLA.  Rather, he considered Plaintiff to be barred from work until he presented a doctor's note for his absences on January 16-18.  Plaintiff did not present such a note until March 16, 2001.  Plaintiff's additional testimony that Chief Cowan later stated, when asked to reconsider the FMLA request, "I don't believe that you wife is sick enough to take FMLA leave" (*Id*. at 92:15-16), establishes at most that Chief Cowan's conduct violated the FMLA or was unreasonable, which is insufficient to establish willfulness.

Plaintiff contends that the question of willfulness should be determined by the jury.  *See, e.g., Ricco v. Potter*, 377 F.3d 599, 602-03 (6th Cir. 2004) (finding that because the determination of willfulness involves a question of fact, a plaintiff may withstand a motion to dismiss merely by having alleged that the FMLA violation was willful).  This Court disagrees and finds the analysis to be much like that in *Hanger*, 390 F.3d at 583-84, although the cases are not factually similar.[3]  First, Chief Cowan's general knowledge regarding the FMLA's potential applicability does not prove willfulness.  Second, while Chief Cowan may have made an incorrect assumption about whether Plaintiff's wife and, therefore, Plaintiff was entitled to FMLA leave, Plaintiff has not shown that Chief Cowan did so in reckless disregard of whether he was violating Plaintiff's FMLA rights.

---

[3]In *Hanger v. Lake County*, 390 F.3d 579 (8th Cir. 2004), the plaintiff complained when she returned after having a baby, and the person who had filled her position during her leave became her supervisor.

The evidence is clear that Chief Cowan was concerned about Plaintiff's absences on January 16-18, and they had nothing to do with FMLA leave.[4] For these reasons, the Court finds that there is no genuine issue of material fact on the question of willfulness and that the two-year statute of limitations is applicable to this action.

Because the Court finds that this action is time-barred under the applicable two-year statute of limitations, it need not address other issues raised in the briefing, including subsequent absences in January 2001 and constructive discharge. Similarly, the Court need not determine whether Plaintiff's wife, and, therefore, Plaintiff, had a "serious health condition" under the FMLA such that she was entitled to leave.

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 49) is **GRANTED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: 8/26/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge

---

[4] In fact, Delbert Marion, who was in charge of conducting internal affairs investigations for the East St. Louis Police Department in 2001, attests that he "agreed with Chief Cowan's assessment [that Plaintiff had abused his sick leave] because Officer Boyd had a pattern of using a lot of his sick days" (Doc. 52, Ex. 2, ¶ 6-7). Notably, Chief Cowan is now deceased (Id. at ¶ 3).